IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                              ORDER

      v.                                    07-CR-053-C-01

LUIS BALBOA-AYALA,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the revocation of Luis Balboa-Ayala's probation was held in this case on October 4, 2007, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Grant C. Johnson. Defendant was present in person and by counsel, Robert Ruth. Also present was United States Probation Officer Richard A. Williams.

      From the record, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Southern District of Texas on March 25, 2005, following his conviction for illegal entry, which is a Class B misdemeanor, in violation of 8 U.S.C. § 1325(a)(1). He was sentenced to three years' probation. On April 5, 2007,

jurisdiction of defendant's case was transferred to the Western District of Wisconsin.

On March 25, 2005, defendant began his term of probation.

Defendant violated his special condition of probation restricting him from returning or attempting to return to the United States illegally. He violated Additional Condition No. 1, ordering him to refrain from violation of any federal, state or and local law. On September 27, 2007, defendant was sentenced in the Western District of Wisconsin in case no. 07-CR-38-C-01, after he was convicted of illegal re-entry by a previously deported alien, which is a Class C felony in violation of 18 U.S.C. § 1326(a) and (b)(2).

Defendant's original conviction was a Class B misdemeanor. If his term of probation is revoked, he could face a statutory term of imprisonment of not more than six months. A term of supervised release of up to one year could be imposed to follow any term of imprisonment. Pursuant to USSG §1B1.9, the sentencing guidelines do not apply to Class B misdemeanors.

## CONCLUSIONS

Defendant's violation warrants revocation. His violation includes the very behavior that led to his conviction in the Southern District of Texas. This sentence is intended to deter him from illegally reentering the United States in the future. Accordingly, the three-year term of probation imposed on defendant on March 25, 2005, will be revoked.

ORDER

IT IS ORDERED that the period of probation imposed on defendant on March 25, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of three months with no supervision to follow. This sentence is ordered to run concurrently with the sentence imposed in Western District of Wisconsin case no. 07-CR-38-C-01.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 4th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge